IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
 : CASE NO. 1:11 CV 01088
MELISSA MCCONNELL, :
 :
                                  Plaintiff, : <u>MEMORANDUM OF OPINION AND</u>
 : <u>ORDER GRANTING DEFENDANT'S</u>
                     -vs- : <u>MOTION TO DISMISS</u>
 :
 :
CBOCS, INC., :
 :
                                Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court is Defendant's motion to dismiss the instant action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 12). Plaintiff has not filed an opposition motion. For the following reasons, Defendant's motion will be granted.

### I.    BACKGROUND

      On 25 April 2011, Plaintiff filed a Complaint in the Lorain County Common Pleas Court against Defendant. On 27 May 2011, Defendant removed the matter to the United District Court for the Northern District of Ohio, which became the instant suit.

      On 5 November 2011, the Court held a Case Management Conference and subsequently issued its Case Management Plan and Scheduling Notice. In the Court's Notice it instructed: "The Court expects counsel to respond to each other's telephone or mail messages within 48

hours, except in unique circumstances." (*Case Management Plan and Scheduling Notice* at Page 4).

On 4 January 2012, Defendant served Plaintiff's counsel with its First Set of Interrogatories and First Request to Produce. On 18 January 2012, in accordance with the Case Management Plan and Scheduling Notice, the Court held a Telephonic Status Conference with counsel for both parties. On that call, counsel for Defendant noted that Plaintiff still had not provided her Rule 26(a)(1) Initial Disclosures, as she was required to do in December 2011.

In late January 2012 and early February 2012, counsel for Defendant made numerous calls to counsel for Plaintiff to request Plaintiff's Initial Disclosures and the outstanding discovery responses. In each instance, counsel for Defendant left messages at Mr. Barrett's office. When these calls went unanswered, counsel for Defendant sent an e-mail on 16 February 2012 again requesting Plaintiff's Initial Disclosures, responses to Defendant's discovery requests, and dates that Plaintiff would be available for her deposition. (Exhibit A). Counsel for Plaintiff did not respond to the 16 February 2012 e-mail.

On 24 February 2012, counsel for Defendant sent another e-mail to Mr. Barrett asking him to write or call to discuss the above outstanding issues. (Exhibit B). Mr. Barrett did not respond to the 24 February 2012 e-mail either. On 20 March 2012, counsel for Defendant sent a letter to counsel for Plaintiff by Fed-Ex delivery requesting that he respond to the continued attempts to contact him regarding the outstanding Initial Disclosures, discovery requests, and scheduling Plaintiff's deposition. ( Exhibit C). In that letter, counsel for Defendant indicated that this was the final extra-judicial attempt to get Plaintiff engaged in the lawsuit she initiated.

On 21 March 2012, FedEx Tracking Update indicated that the letter sent 20 March 2012

by counsel for Defendant was received by Mr. Barrett. ( Exhibit D). Still, to date, counsel for Plaintiff has failed to make any contact with counsel for Defendant.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41 governs dismissals for failure to prosecute. Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Rule 41(b) gives courts the authority to dismiss a case for failure of the plaintiff to prosecute or to comply with these rules or any order of the court. Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362-63 (6th Cir. 1999). This measure is available to courts as a tool to manage their dockets and avoid unnecessary burdens on the tax-supported courts and opposing parties, and courts have substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363.

Courts consider four factors when determining whether a case should be dismissed under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the party's conduct prejudiced her adversary; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Knoll, 176 F.3d at 363. Although none of the factors is dispositive, a case may be dismissed properly when there is a clear record of delay or contumacious conduct. Id.

**III.     ANALYSIS**

Plaintiff's failure to supply Defendant with Rule 26 Initial Disclosures in accordance with the Court's Case Management Plan and Scheduling Notice, her failure to respond to Defendant's discovery requests for over three months, her failure to schedule her deposition, and her failure to communicate with Defendant in any manner whatsoever is willful and dilatory behavior.

Defendant has been prejudiced by Plaintiff's failures.  Plaintiff's complete failure to produce Rule 26(a)(1) Initial Disclosures or discovery responses by the Fact Discovery Cut-Off are prejudicial to Defendant's ability to defend itself.  Moreover, Defendant has been forced to expend both time and effort to contact Plaintiff and to incur expenses demanding discovery requests.

Plaintiff's actions are also in direct violation of Local Civil Rule 26.1.  Local Rule 26.1 regarding "Discovery" states:

> The parties are encouraged to cooperate with each other in arranging and conducting discovery, including discovery involved in any ADR program.  Discovery must be conducted according to limitations established at the Case Management Conference and confirmed in the Case Management Plan.  Absent leave of court, the parties have no authority to modify the limitations placed on discovery by court order.  (Local Civil Rules Chapter V, Rule 26.1)

Plaintiff has failed to cooperate with counsel for Defendant or adhere to the Case Management Plan, also in violation of Local Civil Rule 26.1.

Plaintiff's conduct is in bad faith and shows her intent to not prosecute this case in accordance with the Federal Rules, the Local Rules, and this Court's Notice.  Plaintiff's lack of response to discovery requests and the request to schedule her deposition exhibits an intention to

thwart the proceedings. This behavior by Plaintiff illustrates a disregard for the discovery process initiated by Defendant, as well as the Court's time, resources and instruction to the parties. Likewise, Defendant is prejudiced by an inability to engage in discovery and defend itself in this matter.

This Court has given Plaintiff considerable time to bring her case, yet she has not done so. Instead, Plaintiff has failed to prosecute her case and comply with the rules of the Court.

### IV. CONCLUSION

For the foregoing reasons, this Court grants Defendant's Motion to dismiss the matter with prejudice pursuant to Rule 41.

|  |  |
|---|---|
| IT IS SO ORDERED | /s/ Lesley Wells |
|  | UNITED STATES DISTRICT JUDGE |